OPINION of the Court, by
Judge Owsiey.
Clay brought this action in the court below upon a promissory )Klie given by Patrick, for the payment of a certain sum money on demand. Patrick having failed to defend the action judgment by nihil elicit was taken against him, an(j up0n the execution of a writ of inquiry awarded for pUI-pCse the jury found for Clav the debt in the declaration mentioned, with interest thereon, at the rate 0f sjx per centum per annum, from the 17th day of jtme x811, until paid, and one penny in damages j” whereupon judgment was entered against Patrick for the debt, together with the interest and damages assessed by the jury.
In whatever point of view this case may be considered, the judgment cannot be sustained. If it be consi-(]cre([ without regard to the verdict, the judgment is most clearly erroneous : for as the note was payable on demand, according to the doctrine of the English law, as recognized by this court, interest could not com-mesce running until a demand made. Without the intervention of a jury, therefore, ascertaing a demand to have ¡jgej, made at the time from whence interest by the judgment is given, the court could not regularly make the interest commence from that period. Were the writ 0f that date, then as the suing out of the writ would of itself be a sufficient demand, the intervention of a jury to ascertain the fact of a demand would be unnecessary ; but as that appears not to be the case in the present instance, it is clear, abstracted from every consideration in relation to the verdict, the judgment cannot be supported. Nor do we suppose the verdict found by the jury in this case sufficient for that purpose. As a general verdict it certainly is not : for although the jury might regularly ascertain the amount of interest to which Glay was entitled, and return a general verdict therefor in *247 damages, yet as their inquiry in such a case should be confined to the ascertainment of damages which had accrued at the time of making the inquiry, a finding of interest which might thereafter accrue, by way of damages, as it would exceed the authority of the jury, could not justify the court in entering judgment. As a special verdict, we are also of opinion it does not support the judgment. Had the fact of a demand been directly and certainly found, then as a matter of law resulting from the fact, judgment for interest from the time of making ■the demand might have been regularly given; but as the fact has not been found, it would be a violation of the best settled rules of law, for the court to supply the omission by infering the existence of the fact.
The judgment must therefore be reversed; the cause remanded to the court below, and the plaintiff there have leave either to take a judgment for his debt with interest from the date of his writ, or to hare his writ of inquiry executed according to the principles of this opinion.