*Marshall vs Mefford.*

*vs*

*Mefford.*

form a part of the business of the tavern which he is licensed to keep.

---

## Marshall *vs* Mefford.

### ERROR TO THE MASON CIRCUIT.

*Juries. Practice. Interest. Demand.*

JUDGE BRECK delivered the opinion of the Court.

THIS was an action of debt upon a note for the payment of four hundred dollars, on demand. The declaration avers a demand on a particular day. The defendant made default and judgment was, thereupon, rendered by the Court, for the debt with current interest from the day of the alledged demand till paid.

It is contended that the Court, without the intervention of a jury, had no right to give interest prior to the date of the writ. This position, we think, is not sustainable. Payment of the note is alledged in the declaration, to have been demanded on the 16th June, 1841. This allegation is specific and material, and un-

DEBT.

*Case* 84.

*June* 7.

Case stated.

render judgment for the demand, with interest from the time of the alledged demand, without a jury.

less put in issue by plea, it is to be taken as true, and the fact of the demand as alledged, is admitted.   Nor do we understand the case of *Bartlett* vs *Marshall*, (2 *Bibb*, 467,) or of *Patrick* vs *Clay*, (4 *Bibb*, 246,) or of *Gore* vs *Buck*, (1 *Monroe*, 209,) or of *Waggener* vs *The Bells*, (4 *Monroe*, 10,) to which we have been referred, as being in conflict with this principle.   It is true in an action of assumpsit, a default by the defendant only admits a demand due, but does not admit the extent of it. In this case the note is the evidence of the debt and the amount.   The interest is a mere incident, which results as matter of law, from the time of the demand; and as that is specifically averred and not put in issue by plea, it is not necessary to establish the truth of the allegation by the verdict of a jury.

—But if any doubt ever existed on this point, the statute, (3 *Stat. Law*, 358,) is decisive of the question.

But if any doubt could exist upon the subject upon general principles, and in reference to the former practice, we think there can be none in view of the provision in the 23d section of the act to change the mode of summoning jurors, (3 *Stat. Law*, 358.)

It is there provided, "That in all actions of debt, covenant, or petition and summons, founded upon any note or bond for the direct payment of money, unless the defendant or defendants, by pleading, shall render it necessary to empannel a jury, no jury shall be empannelled, but judgment shall be taken by default and entered accordingly."

The case before us, we think, is embraced by this provision.

Wherefore, the judgment is affirmed.

*Beatty* for plaintiff; *McClung & Taylor* for defendant.